**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **SERVICE EMPLOYEES** | ) | |
| **INTERNATIONAL UNION NATIONAL** | ) | |
| **INDUSTRY PENSION FUND, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **-vs-** | ) | **CASE NO. 1:07-CV-00468-CKK** |
| | ) | |
| **ALIQUIPPA COMMUNITY** | ) | |
| **HOSPITAL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT ALIQUIPPA COMMUNITY HOSPITAL'S
ANSWER TO COMPLAINT**

Defendant, Aliquippa Community Hospital ("Defendant"), by and through undersigned counsel, for its Answer states the following:

1. In answer to Paragraph 1, Defendant states that the statutes cited speak for themselves and there is no need to admit or deny what is contained therein. Defendant denies the remaining allegations contained in the paragraph.

2. In answer to Paragraphs 2 and 3, Defendant deny the allegations contained therein.

3. In answer to Paragraph 4, Defendant admits that Plaintiff is an employee benefit plan. As to the remaining allegations, Defendant states that it is without information sufficient to form a belief as to the truth of the matter and therefore denies the same.

4. In answer to Paragraphs 5 and 6, Defendant admits the allegations contained therein.

5.      In response to Paragraphs 7 - 9, Defendant admits the same.

6.      In response to Paragraph 10, Defendant states that the law cited speaks for itself and therefore there is no need to admit or deny what is contained therein.  Defendant denies all other allegations contained therein.

7.      In response to Paragraphs 11 - 15, Defendant states that the Collective Bargaining Agreement speaks for itself and therefore there is no need to admit or deny what is contained therein.  Defendant denies the remaining allegations contained therein.

8.      In response to Paragraph 16, Defendant states that the SEIU Pension Fund Trust Agreement ("Trust Agreement") speaks for itself and therefore there is no need to admit or deny what is contained therein.  Defendant denies the remaining allegations contained therein.

9.      In response to Paragraph 17, Defendant states that the Trust Agreement and the SEIU Pension Fund's Policy for Collection of Delinquent Contributions ("Collection Policy") speak for themselves and therefore there is no need to admit or deny what is contained therein. Defendant denies the remaining allegations contained therein.

10.      In response to Paragraph 18, Defendant admits that it has not remitted any contributions or remittance reports from June 30, 2004 to present.   Defendant denies the remaining allegations contained therein.

11.      In response to Paragraph 19, Defendant incorporates it responses to Paragraphs 1-18.

12.      In response to Paragraph 20, Defendant states that it calls for a legal conclusion for which no response is necessary.  Defendant denies all other allegations contained in the paragraph.

13.     In response to Paragraphs 21 - 23, Defendant states that the Collective Bargaining Agreement speaks for itself and therefore there is no need to admit or deny what is contained therein.  Defendant denies all remaining allegations contained therein.

14.     In response to Paragraph 24, Defendant admits that the SEIU Pension Fund attempted to obtain remittance forms and contributions from Defendant.  Defendant denies the remaining allegations contained therein.

15.     In response to Paragraph 25, Defendant admits the allegations contained therein.

16.     In response to Paragraphs 26 - 27, Defendant denies the allegations contained therein.

17.     Defendant specifically denies in any allegations contained in Plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.     Defendant states that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.     Defendant states that Plaintiff has not initiated this action in the proper venue.

3.     Defendant states that this Court lacks subject matter jurisdiction concerning the issues in this case.

4.     Defendant states Plaintiff's claims are barred in whole or in part as a result of the Debtor's Second Amended Plan of Reorganization filed in U.S. Bankruptcy Court for the Western District of Pennsylvania, Bankruptcy No. 02-296616 BM.

5.     Defendant states Plaintiff's claims are barred in whole or in part due to waiver and/or estoppel.

6.      Defendant states that Plaintiff's claims are barred in whole or in part due to the applicable Statute of Limitations.

7.      Defendant states that Plaintiff's claims are barred in whole or in part due to a lack of consideration.

8.      Defendant states that Plaintiff's claims are barred in whole or in part due to *res judicata*.

9.      Defendant states that Plaintiff's claims are barred in whole or in part due to the discharge received by Defendant in the bankruptcy case filed in U.S. Bankruptcy Court for the Western District of Pennsylvania, Bankruptcy No. 02-296616 BM.

10.      Defendant reserves the right to assert any other affirmative defenses as may become available or apparent during the pendency of this case and during the course of discovery and thus reserves the right to amend its Answer to assert such defenses.

ALIQUIPPA COMMUNITY HOSPITAL

By: ____/s/ Karen A. Doner_____
Karen A. Doner (#458626)
WILLIAMS MULLEN, P.C.
8270 Greensboro Drive, Suite 700
McLean, Virginia   22102
(703) 760-5238
(703) 748-0244 (fax)
kdoner@williamsmullen.com

/s/ John N. Childs_____
John N. Childs (#0023489)
Darrin R. Toney (#0065590)
BRENNAN, MANNA & DIAMOND, LLC
75 East Market Street
Akron, Ohio, 44308
jnchilds@bmdllc.com
drtoney@bmdllc.com
Counsel for Defendant

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 2nd day of May, 2007, a copy of the foregoing *Answer* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

<u>/s/ Karen A. Doner</u>
Karen A. Doner

1447031v1

5