UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, *et al.*,<br><br>  Plaintiff,<br><br>  v.<br><br>ALIQUIPPA COMMUNITY HOSPITAL,<br><br>  Defendant. | Civil Action No. 07-468 (CKK) |

**SHOW CAUSE ORDER**
(September 4, 2008)

The Complaint in this case was filed on March 13, 2007, and Defendant filed an Answer, through counsel, on May 2, 2007. The Court held an Initial Scheduling Conference in this case on October 23, 2007, at which an outside discovery deadline of April 18, 2008 was set. On February 21, 2008, Defendant's then-counsel filed a Motion to Withdraw, in which counsel asserted that Defendant was defunct, insolvent, and had ceased operations. *See* Docket No. [19]. In support of that motion, then-defense counsel provided a copy of a Notice counsel had mailed via first class mail to Defendant's last-known president informing Defendant of counsel's intent to move to withdraw. *Id.* Plaintiff opposed defense counsel's motion to withdraw on the grounds that discovery was still outstanding, and asked that defense counsel be required to take steps to make payroll records requested during discovery available to Plaintiff. Docket No. [20]. On April 16, 2008, following a conference call with counsel for both parties, the Court held defense counsel's motion to withdraw in abeyance in order to allow defense counsel the

1

opportunity to attempt to recover the payroll records. *See* 4/16/08 Minute Order. The Court also issued an Order on April 18, 2008 directly requiring Defendant to submit all relevant payroll records to then-defense counsel, and retaining the Court's jurisdiction over the matter for further action in connection with the Order, if necessary. *See* Docket No. [23].

The Court held a status conference in this case on June 20, 2008. In advance of that conference, defense counsel submitted a status report advising the Court of its efforts towards procuring the payroll records at issue. *See* Docket No. [24]. Those efforts included sending copies of the Court's April 18, 2008 Order to the Chairman, CEO, Chief Administrative Officer, and Director of Human Resources of the entity that had purchased the Defendant hospital. *Id.* Defense counsel represented that they had not received any response to the Court's Order nor any indication that defense counsel were to continue their representation of Defendant in this litigation. *Id.* Accordingly, following a discussion of defense counsel's efforts during the June 20, 2008 status conference, the Court granted defense counsel's motion to withdraw. *See* Docket No. [25]. Also following that status conference, and as discussed during the conference, the Court stayed the discovery schedule in this case in order to allow Plaintiff to investigate and/or join the appropriate parties to this case. *See* 6/20/08 Minute Order. With the consent of Plaintiff's counsel, the Court scheduled a Status Conference for 11:00 a.m. on Thursday, September 4, 2008 and ordered Plaintiff to file a Status Report on or before August 29, 2008 advising the Court of developments in this matter. *Id.*

Plaintiff's counsel did not file the Court-ordered Status Report and, on September 4, 2008, did not appear for the scheduled Status Conference. Instead, Plaintiff's counsel telephoned the Court *after* the 11:00 a.m. Status Conference was scheduled to begin to orally request that the

Court postpone the Status Conference. Significantly, Plaintiff's counsel did not file any written request for such an extension. Nor has Plaintiff's counsel provided the Court with any indication of any efforts Plaintiff has undertaken to prosecute this case, i.e., any investigations into whether the entity that purchased the Defendant hospital may be subject to successor liability or, if that is the case, any efforts to join that entity as a defendant in this case. The Court notes that Plaintiff's counsel has had more than two months to undertake such efforts since discovery was stayed following the June 20, 2008 status conference.

Accordingly, it is this 4th day of September, 2008, hereby

**ORDERED** that, on or before September 11, 2008, Plaintiff shall SHOW CAUSE why this case should not be dismissed without prejudice for want of prosecution.

**SO ORDERED**.

          /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge