IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SERVICE EMPLOYEES
INTERNATIONAL UNION NATIONAL
INDUSTRY PENSION FUND, ET AL.,

Plaintiffs,

v.

ALIQUIPPA COMMUNITY HOSPITAL,

Defendant.

C.A. No. 07-468
(Judge C. Kollar-Kotelly)

## PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiffs Service Employees International Union National Industry Pension Fund and its Trustees (the "Fund"), by their undersigned counsel, hereby submit their motion for summary judgment.  As demonstrated in the attached Memorandum of Law, there are no material facts in dispute, and the Fund is entitled to the relief requested as a matter of law.  Specifically, Plaintiffs respectfully submit that this Court should enter a declaratory judgment, holding that Defendant has failed to abide by the governing documents of the Fund, and enter an order compelling Defendant to submit all reports, contributions, liquidated damages and interests as owed according to the governing documents and federal law.

Respectfully submitted,

_____/s/_____
Richard C. Welch (DC Bar# )
Mooney, Green, Baker & Saindon, P.C.
1920 L Street, N.W., Suite 400
Washington, D.C. 20036
(202) 783-0010
rwelch@mooneygreen.com

September 9, 2008

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>ALIQUIPPA COMMUNITY HOSPITAL,<br><br>Defendants. |

C.A. No. 07-468
(Judge C. Kollar-Kotelly)

On the basis of Plaintiffs' Motion for Summary Judgment and supporting memorandum,

IT IS this 9th day of September, 2008, by the United States District Court for District of

Columbia, ORDERED:

1.  Plaintiffs' Motion for Summary Judgment is hereby GRANTED;

2.  A declaratory judgment is entered, declaring that Defendant is delinquent in
    submitting owed reports, contributions, liquidated damages, and interest;

3.  An order is entered, compelling Defendant to submit all owed reports,
    contributions, liquidated damages, and interest from reports;

4.  That judgment shall be entered against Defendant for $2,532.50 in attorneys' fees
    and court costs;

5.  The Court retain jurisdiction of this matter for further action, if necessary; and

6.  That the Clerk of the Court shall mail or transmit copies of this Order to counsel
    for Plaintiffs and Defendant.

_____
Colleen Kollar-Kotelly
United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SERVICE EMPLOYEES
INTERNATIONAL UNION NATIONAL
INDUSTRY PENSION FUND, ET AL.,

Plaintiffs,

v.

ALIQUIPPA COMMUNITY HOSPITAL,

Defendants.

C.A. No. 07-468
(Judge C. Kollar-Kotelly)

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiffs Service Employees International Union National Industry Pension Fund and its Trustees (collectively referred to as the "Fund"), by their undersigned counsel, hereby submit this memorandum of law in support of their motion for summary judgment. As demonstrated below, there are no material facts in dispute and the applicable collective bargaining agreements and governing documents of the Fund, including its Collection Policy and Trust Agreement, unambiguously establish an obligation for Defendants to submit their owed reports, as well as the contributions owed from those reports and the associated fees.

**SUMMARY OF FACTS**

In this Motion, Plaintiffs seek a declaratory order that Defendant was required to submit contributions to the Pension Fund, and order requiring Defendant to submit all reports and contributions in accordance with the applicable collective bargaining agreements. There is no issue of material fact, and as such, Plaintiffs are entitled to a judgment as a matter of law.

1

1.    *Procedural History*

Plaintiffs first filed a complaint against Defendant Aliquippa Community Hospital ("Aliquippa") on  March 13, 2007 (case no: 1:07-cv-00468, Document No. 1) for owed reports, contributions, liquidated damages, interest, and attorneys' fees and costs.  The Complaint and Summons were served on Defendant on or about March 23, 2007.  Defendant responded to the complaint by filing its Answer on May 2, 2007 (Document No. 6).  Subsequently, both parties initiated the beginning stages of litigation.

On February 21, 2008, Defendant's attorneys filed a Motion to Withdraw as Attorney (filed by Brennan Manna & Diamond and Williams Mullen) (Document No. 19), which the Plaintiffs opposed by filing their opposition on February 27, 2008 (Document No. 20).  On April 16, 2008, the Court held a conference call with counsel for both parties, in which the Defendant's counsel informed Plaintiffs' counsel that they were unable to reach Defendant, and that Defendant had been sold to another company.  The Plaintiffs asserted that Defendant still owed reports, and without these reports, the Fund was continuing to suffer harm two-fold: one, the Fund could not properly credit employees with pension benefits based on hours worked; and two, the Fund could not determine the amounts owed to the Fund for those work months that Defendant had failed to submit reports.  The Court entered an Order directing Defendants to make all reasonable attempts to get the reports from the principals of Aliquippa, and deliver them to the Plaintiffs' counsel (Document No. 23).

After this conference, Defendant's attorneys never provided the reports to the Plaintiffs' counsel.  They indicated that Defendant no longer existed and that its former officers were unreachable and/or unresponsive.  On June 20, 2008, Judge Colleen Kollar-Kotelly granted the

2

Order for Motion to Withdraw as Attorney (Docuemnt No. 25).

Although Plaintiffs recognize that it is unlikely that they will be able to effectively enforce the judgment they seek, Plaintiffs believe they have a responsibility to seek summary judgment in case circumstances change in the future.

2.    *Factual Background*

Plaintiff Fund is an employee benefit plan providing pension benefits to eligible employees. See Complaint, Paragraph 4, pp. 2-3. Defendant is a corporation operating under the laws of the State of Pennsylvania. See Complaint, Paragraph 7, pp. 3. The Defendant is bound by a Collective Bargaining Agreement between Aliquippa and the Service Employees International Union District 1199P. See Exhibit 1 as attached to the Complaint. Under the applicable Collective Bargaining Agreements, Aliquippa is bound to contribute a fixed contribution to the Fund for each hour worked by covered employees. See Exhibit 1 as attached to the Complaint, Appendix J, Section 3, pp. 63-64. As a signatory to the applicable Collective Bargaining Agreements, Defendant was further bound by the terms and associated penalties for late payment or failure to pay contributions as required to the Fund. See Exhibit 1 as attached to the Complaint, Appendix J, Section 8, p. 65.

3.    *History of Defendant's Delinquencies*

Defendant has a long-standing history of failing to pay its owed reports and contributions to the Fund. To date, Defendant has failed to submit any remittance reports or pay any contributions to the Pension Fund since June 30, 2004. See Complaint, Paragraph 25, p. 7; See Defendant's Answer, Paragraph 10, p. 2. In order for the Pension Fund to ensure that the Defendant remits all of the delinquent contributions owed, and that its employees receive the

3

proper amount of pension credit, these reports must be submitted.  Defendant's failure to submit

any of these contributions will result in the assessment of liquidated damages and interest once

these contributions are made.  See Complaint, Paragraph 17, p. 6.

4.     *Plaintiff is Entitled to Attorneys' Fees and Court Costs*

In connection with Defendant's delinquency, Plaintiff has incurred attorneys' fees in the

amount of $2,182.50 and court costs in the amount of $350.00 in pursuit of this case.

See Declaration of Richard C. Welch in Support of Summary Judgment, attached hereto as

Exhibit A.

**STANDARD OF REVIEW**

Summary judgment is proper where the moving party demonstrates that "there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." See Fed. R. Civ. P. 56(c); Celetox Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In

Celetox, the Court instructs that a dispute is "genuine . . . if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." Id.  Thus, a "mere scintilla of evidence" is

not enough to frustrate a motion for summary judgment.  Rather, the non-moving party must

present admissible evidence on which the trier of fact could reasonably find in favor of the non-

movant. Id. at 322-23; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Where a party fails to respond to a motion for summary judgment, courts have held that

the case may be decided for the moving party in all its facts and issues. See Fox v. Strickland,

837 F.2d 507, 509 (D.D.C.1988) (holding that decision for the moving party was appropriate

according to Ham v. Smith, 653 F.2d 628 (D.C. Cir. 1981), so long as the opposing party had

notice of the consequences of failure to respond to the motion and had adequate time to respond).

Also, Courts have held that when a Defendant fails to respond to a motion for summary judgment, it waives any affirmative defenses asserted in the answer to the complaint, or any affirmative defenses that could have been raised in the response to motion for summary judgment. See UMWA 1974 Pension Trust v. The Pittston Co., 793 F. Supp. 339, 344 (D.D.C. 1992); see also Attorney General of U.S. v. The Irish People, Inc., 565 F. Supp. 114, 120 n.9 (D.D.C 1984) (noting that it appeared that defendant had abandoned its affirmative defenses because it did not raise them in its motion for summary judgment or cross motion to the plaintiff's motion for summary judgment), aff'd in part and rev'd in part on other grounds, 796 F.2d 520 (D.C. Cir. 1986).

## ARGUMENT

Courts in this Circuit have held that in cases where the obligation to contribute to an employee benefit fund is unambiguous, summary judgment is appropriate in instances where a Defendant has failed to pay its owed reports and contributions.  See Flynn v. Beeler Barney Assoc. Masonry Contractors, Inc., 2004 U.S. Dist. LEXIS 28461 (D.D.C. 2004).

It has already been established that Aliquippa is bound to contribute pension contributions under the applicable collective bargaining agreements.  See Exhibit 1, as attached to the Complaint.  Based on the Fund's records, Aliquippa has failed to submit any reports or contributions to the Fund since June of 2004. See Complaint, p. 7.

Defendant made a number of allegations and defenses in its Answer as filed with Court. However, in its Answer, "Defendant admits that it has not remitted any contributions or remittance reports from June 30, 2004 to present." See Answer, p. 2, paragraph 10.  Defendant also did not deny or refute, in any specific terms, that it was bound to the Collective Bargaining

Agreement with the Service Employees International Union, or that it was bound to any of the governing documents with the Fund.  <u>See</u> Answer, p. 2, paragraphs 7 and 9.  All other defenses asserted in Defendant's Answer amount to nothing more than boilerplate language or vague assertions backed up with no specificity.[1]

Additionally, Defendants, both through the Complaint and through their counsel, were fully aware of the Plaintiffs contentions, and at no time made any attempt to refute them in any specificity after the initial Complaint and Answer were filed.  In fact, Defendant's attorneys actively assisted Plaintiffs' attorneys in trying to procure the owed reports from Defendant, and at no time asserted any additional defenses or complaints that such actions were unwarranted or unfounded.

As such, there is no dispute of fact that Aliquippa is bound to contribute to the Fund. With this obligation, Aliquippa is bound to submit remittance reports detailing the number of hours worked by covered employees under the Collective Bargaining Agreement, and to pay the amounts owed in those reports.  Because of Aliquippa's failure to submit any contributions since 2004, the Fund has no way of knowing the exact amounts that Aliquippa owes.

Therefore, based on the applicable law, documents filed with the Court, and the facts at hand, Plaintiffs are entitled to a judgment as matter of law that Defendant should be compelled to submit all owed reports from June 2004, so that the Fund can do a full accounting for all hours worked and contributions owed to the Fund, as required by the Fund's governing documents.

---

[1] In Defendant's Answer, they assert an Affirmative Defense that "Plaintiff's claims are barred in whole or in part as a result of the Debtor's Second Amended Plan of Reorganization filed in U.S. Bankruptcy Court for the Western District of Pennsylvania, Bankruptcy No. 02-296616 BM.  Defendant has not provided any documentary evidence or specifics on how this affects the complaint at hand.

Defendant should also be ordered to remit all contributions due for those hours.

Under the governing documents of the Fund, Defendant is required to pay the Funds' attorneys' fees and court costs in the event of litigation to collect delinquent contributions. In addition, ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2) provides (emphasis added):

> (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan--
>> (A) the unpaid contributions,
>> (B) interest on the unpaid contributions,
>> (C) an amount equal to the greater of--
>>> (i) interest on the unpaid contributions, or
>>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>> **(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and**
>> (E) such other legal or equitable relief as the court deems appropriate.

Section 502(g)(2) provides for the award of liquidated damages, interest, and attorneys' fees and costs to a prevailing employee benefit fund. <u>Laborers Health and Welfare Trust Fund for N. Cal. v. Advanced Lightweight Concrete Co., Inc.</u>, 484 U.S. 539, 547 (1987). Here, Plaintiffs are entitled to $2,182.50 for attorneys' fees and $350.00 in costs in pursuing the amounts owed to the Funds.

CONCLUSION

Based on the reasons set forth above, the Court should, as a matter of law, declare that Defendant is delinquent in submitting required reports to the Fund. The Court should enter an order directing Defendant to submit all owed reports, as well as any contributions, liquidated damages and interest as a result of late payment, as well as $2,532.50 in attorneys' fees and costs.

7

Respectfully Submitted,

_____/s/_____
Richard C. Welch (DC Bar# )
Mooney, Green, Baker & Saindon, P.C.
1920 L. St. NW, Suite 400
Washington, DC 20036
(202) 783-0010
(202) 783-6088 (fax)
rwelch@mooneygreen.com

September 9, 2008

## CERTIFICATE OF SERVICE

     The undersigned certifies that on the 9th day of September, 2008, a true and correct copy of the Plaintiffs' Motion for Summary Judgment was served via U.S. mail to the Defendant:

          Aliquippa Community Hospital
          Connie Moore, Registered Agent
          2500 Hospital Drive
          Aliquippa, PA 15001

                              _____/s/_____
                              Eugene K. Ahn

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES<br>INTERNATIONAL UNION NATIONAL<br>INDUSTRY PENSION FUND, ET AL.,<br><br>Plaintiffs,<br><br>        v.<br><br>ALIQUIPPA COMMUNITY HOSPITAL,<br><br>Defendants. | C.A. No. 07-468<br>(Judge C. Kollar-Kotelly) |

**DECLARATION OF RICHARD C. WELCH IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

I, Richard C. Welch, declare the following in support of the Declaration for Attorneys'

Fees and Costs filed by Plaintiffs in the above referenced case:

1.      I am an attorney and partner in the firm of Mooney, Green, Baker & Saindon, P.C.

("Mooney, Green").

2.      I have reviewed the billing records generated in this case, and affirm that they are

accurate in accordance with the billing methods used by Mooney, Green.

3.      The following attorneys billed the following number of hours in this case: Paul A.

Green, partner, billed 0.2 hours; Richard C. Welch, partner, billed 8.0 hours; and

Eugene K. Ahn, associate/clerk, billed 6.4 hours.  The total number of hours billed

for this matter was 14.55 hours.

4.      I am familiar with the billing rates that Mooney, Green charged Plaintiffs for the

legal  services provided in this case.  Law clerks were billed at $65.00/hour.  All

attorneys were billed at $150.00/hour.

1

5.    I have attached time records maintained by Mooney, Green that establish the time expended by Mooney, Green attorneys and law clerks in connection with this matter.  I have reviewed these records and I have determined that they are an accurate record of legal fees incurred by the Plaintiffs. The total amount incurred to date is $2,182.50.

6.    Mooney, Green incurred costs of $350.00 court filing fees.

7.    Mooney, Green has incurred a total of $2,532.50 in attorneys' fees and costs for this matter.  I affirm that this amount is accurate and true.

8    I have read this Declaration of Richard C. Welch in its entirety.  Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


_____
Richard C. Welch

Date: September 9, 2008

2

9/8/2008
9:26 PM                                   Slip Listing                              Page    1

---

|                                    Selection Criteria                              |

| Clie.Selection          | Include: SEIU Pension          |
| Matt.Selection          | Include: Aliquippa Hospital    |
| Slip.Classification     | Open                           |
| Slip.Transaction Dat    | 4/1/2008 - 8/31/2008           |

---

Rate Info - identifies rate source and level

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | Performed by<br>Activity<br>Client<br>Matter | Units<br>DNB Time<br>Est. Time<br>Variance | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|
| 160736          TIME<br>4/16/2008<br>Billed          G:30136          5/20/2008<br>Telephone conference with Co. Atty and Court, review file, review proposed order | RCW<br>Legal Services<br>SEIU Pension<br>Aliquippa Hospital | 1.00<br>0.00<br>0.00<br>0.00 | 150.00<br>C@1 | 150.00 |
| 160948          TIME<br>4/16/2008<br>Billed          G:30136          5/20/2008<br>Conference call with court, prepared order per judges instructions | EKA<br>Legal Services<br>SEIU Pension<br>Aliquippa Hospital | 1.20<br>0.00<br>0.00<br>0.00 | 150.00<br>C@1 | 180.00 |
| 160737          TIME<br>4/18/2008<br>Billed          G:30136          5/20/2008<br>Review filing and order re production of documents, Telephone conference with E. Washington | RCW<br>Legal Services<br>SEIU Pension<br>Aliquippa Hospital | 0.25<br>0.00<br>0.00<br>0.00 | 150.00<br>C@1 | 37.50 |
| 160949          TIME<br>4/18/2008<br>Billed          G:30136          5/20/2008<br>Submitted order to court; contacted fund regarding status of litigation | EKA<br>Legal Services<br>SEIU Pension<br>Aliquippa Hospital | 0.40<br>0.00<br>0.00<br>0.00 | 150.00<br>C@1 | 60.00 |
| 160738          TIME<br>4/21/2008<br>Billed          G:30136          5/20/2008<br>Review email from C. Davidson re: status of liquidation | RCW<br>Legal Services<br>SEIU Pension<br>Aliquippa Hospital | 0.25<br>0.00<br>0.00<br>0.00 | 150.00<br>C@1 | 37.50 |
| 160993          TIME<br>4/28/2008<br>Billed          G:30136          5/20/2008<br>Review order from court setting status conference. | RCW<br>Legal Services<br>SEIU Pension<br>Aliquippa Hospital | 0.10<br>0.00<br>0.00<br>0.00 | 150.00<br>C@1 | 15.00 |
| 160950          TIME<br>4/29/2008<br>Billed          G:30136          5/20/2008<br>Research alter ego option for pursuing claim | EKA<br>Legal Services<br>SEIU Pension<br>Aliquippa Hospital | 0.30<br>0.00<br>0.00<br>0.00 | 150.00<br>C@1 | 45.00 |

9/8/2008
9:26 PM

Slip Listing

Page   2

| Slip ID Dates and Time Posting Status Description | Performed by Activity Client Matter | Units DNB Time Est. Time Variance | Rate Rate Info Bill Status | Slip Value |
|---|---|---|---|---|
| 160968   TIME 4/29/2008 Billed  G:30136  5/20/2008 Review e-mail from C. Davidson, Atty conference | RCW Legal Services SEIU Pension Aliquippa Hospital | 0.25 0.00 0.00 0.00 | 150.00 C@1 | 37.50 |
| 161191   TIME 4/30/2008 Billed  G:30136  5/20/2008 Review email from C. Davidson; review federal court complaint. | EKA Legal Services SEIU Pension Aliquippa Hospital | 0.50 0.00 0.00 0.00 | 150.00 C@1 | 75.00 |
| 161361   TIME 4/30/2008 Billed  G:30136  5/20/2008 Review complaint and document related to Aliquippa Hospital | RCW Legal Services SEIU Pension Aliquippa Hospital | 0.75 0.00 0.00 0.00 | 150.00 C@1 | 112.50 |
| 162604   TIME 5/1/2008 Billed  G:30237  6/10/2008 Atty conference, review documents, Telephone conference with E. Washington | RCW Legal Services SEIU Pension Aliquippa Hospital | 0.50 0.00 0.00 0.00 | 150.00 C@1 | 75.00 |
| 161891   TIME 5/1/2008 Billed  G:30237  6/10/2008 Conference with RCW, PAG discussing options for ongoing case regarding the federal complaint filed by Union; Research alter ego liability/joint liability | EKA Legal Services SEIU Pension Aliquippa Hospital | 1.80 0.00 0.00 0.00 | 150.00 C@1 | 270.00 |
| 162605   TIME 5/3/2008 Billed  G:30237  6/10/2008 Review and respond to e-mails regarding conference call | RCW Legal Services SEIU Pension Aliquippa Hospital | 0.10 0.00 0.00 0.00 | 150.00 C@1 | 15.00 |
| 161892   TIME 5/4/2008 Billed  G:30237  6/10/2008 Review emails from Fund | EKA Legal Services SEIU Pension Aliquippa Hospital | 0.20 0.00 0.00 0.00 | 150.00 C@1 | 30.00 |
| 162606   TIME 5/7/2008 Billed  G:30237  6/10/2008 Review documents and e-mails from E. Washington | RCW Legal Services SEIU Pension Aliquippa Hospital | 0.25 0.00 0.00 0.00 | 150.00 C@1 | 37.50 |
| 161893   TIME 5/8/2008 Billed  G:30237  6/10/2008 Research issues of alter ego single employer liability. | EKA Legal Services SEIU Pension Aliquippa Hospital | 2.00 0.00 0.00 0.00 | 150.00 C@1 | 300.00 |

9/8/2008
9:26 PM                                                  Slip Listing                                                Page    3

| Slip ID Dates and Time Posting Status Description | Performed by Activity Client Matter | Units DNB Time Est. Time Variance | Rate Rate Info Bill Status | Slip Value |
|---|---|---|---|---|
| 162607            TIME<br>5/8/2008<br>Billed            G:30237            6/10/2008<br>Conference call on litigation with C. Davidson, Union and E. Washington, follow-up call with E. Washingon, atty conference on research, review cases on alter ego | RCW<br>Legal Services<br>SEIU Pension<br>Aliquippa Hospital | 1.20<br>0.00<br>0.00<br>0.00 | 150.00<br>C@1 | 180.00 |
| 161778            TIME<br>5/12/2008<br>Billed            G:30237            6/10/2008<br>Review status; Conference with R. Welch | PAG<br>Legal Services<br>SEIU Pension<br>Aliquippa Hospital | 0.20<br>0.00<br>0.00<br>0.00 | 150.00<br>C@1 | 30.00 |
| 162980            EXP<br>5/29/2008<br>Billed            G:30237            6/10/2008<br>Lexis | BJJ<br>Lexis<br>SEIU Pension<br>Aliquippa Hospital | 1 | ~~175.11~~ | ~~175.11~~ |
| 163610            TIME<br>6/13/2008<br>Billed            G:37018            7/15/2008<br>Review status report from Co. Atty | RCW<br>Legal Services<br>SEIU Pension<br>Aliquippa Hospital | 0.20<br>0.00<br>0.00<br>0.00 | 150.00<br>C@1 | 30.00 |
| 163631            TIME<br>6/17/2008<br>Billed            G:37018            7/15/2008<br>Attorney conference, review documents | RCW<br>Legal Services<br>SEIU Pension<br>Aliquippa Hospital | 0.30<br>0.00<br>0.00<br>0.00 | 150.00<br>C@1 | 45.00 |
| 163611            TIME<br>6/19/2008<br>Billed            G:37018            7/15/2008<br>Review documents, prepare for status conference | RCW<br>Legal Services<br>SEIU Pension<br>Aliquippa Hospital | 0.50<br>0.00<br>0.00<br>0.00 | 150.00<br>C@1 | 75.00 |
| 163612            TIME<br>6/20/2008<br>Billed            G:37018            7/15/2008<br>Prepare for and attend status conference. E-mail to E. Washington | RCW<br>Legal Services<br>SEIU Pension<br>Aliquippa Hospital | 2.00<br>0.00<br>0.00<br>0.00 | 150.00<br>C@1 | 300.00 |
| 166555            TIME<br>8/27/2008<br>Billed            G:37091            9/8/2008<br>Review documents, e-mail to C. Davidson | RCW<br>Legal Services<br>SEIU Pension<br>Aliquippa Hospital | 0.30<br>0.00<br>0.00<br>0.00 | 150.00<br>C@1 | 45.00 |

Grand Total

|  | Billable<br>Unbillable<br>Total | 14.55<br>0.00<br>14.55 |  | 2357.61<br>0.00<br>2357.61 |

- 175.11
$ 2,182.50